E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
GREGORY S. SCALLY (Cal. Bar No. 268073)
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office
     Ronald Reagan Federal Bldg. & U.S. Courthouse
     411 West 4th Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3538
     Facsimile: (714) 338-3708
     E-mail:    gregory.scally@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 18-10-CJC |
|---|---|
| Plaintiff, | GOVERNMENT'S *EX PARTE* APPLICATION REQUESTING STATUS CONFERENCE |
| v. | |
| MATTHEW SULLENGER, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Gregory S. Scally, hereby applies ex parte for an order setting a status conference in this matter at the Court's convenience.

//

//

//

1  This ex parte application is based upon the attached memorandum
2  of points and authorities and the files and records in this case.
3
4  Dated: February 22, 2024         Respectfully submitted,

5                                   E. MARTIN ESTRADA
                                    Acting United States Attorney
6
                                    MACK E. JENKINS
7                                   Assistant United States Attorney
                                    Chief, Criminal Division
8

9                                    /s/
                                    GREGORY S. SCALLY
10                                  Assistant United States Attorney

11                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Trial in this case has been delayed for years by various delays occasioned by the defense. These delays have been identified in prior filings by the government. (See, e.g., Docket No. 102, detailing government's concerns with defense's efforts to obtain readiness for trial.) After those delays, the case was set for trial on October 17, 2023.

Prior to that date, defendant's brother came forward with information that the defense believed to be favorable to their case. The government agreed to a short continuance to December 5, 2023, and the matter was technically continued to July 16, 2024. (See Docket Nos. 133, 145, 148.) The trial was then advanced in short order to December 5, 2023, once some scheduling issues were clarified. (Docket No. 149.)

The government attempted to meet with defendant's brother in late October 2023 but was unable to, due to circumstances occasioned by defendant's brother and/or his attorney. (See Docket No. 150.) The government prepared for trial, filing pretrial documents. (See Docket Nos. 154-166.) The government again attempted to meet with defendant's brother in a meeting much delayed by defendant's brother and/or his attorney, in late November 2023. (See Docket No. 160.) Defendant's brother then suffered a medical event and was unavailable for the late November 2023 meeting. (See id.) The government pressed for an interview with defendant's brother at the earliest possible date, and was told by defendant's brother's lawyer, in substance, maybe the first or second week of December, based on defendant's brother's medical status. (See Docket No. 173.) Defense counsel relayed in late November 2023 that defendant's parents

indicated defendant's brother "should be available for an interview around December 18, 2023," and requested a continuance of trial to accommodate that schedule. (See Docket No. 169.)

At a status conference in late November, shortly before the December 5, 2023 trial date, the Court agreed to the defense request for a continuance of the trial date, based on defense representations about defendant's brother's availability and the defense's stated need for him to share his information, and continued the trial to July 16, 2024, but ordered a hearing occur on December 12, 2023, at which defendant's brother would appear pursuant to defense subpoena, pursuant to the Court's full and plenary discretion to manage its calendar and ensure the timely resolution of the case. (See Docket No. 176.) Defense counsel then withdrew his subpoena to defendant's brother. (See Docket No. 182.) Defendant's brother's attorney and defense counsel both reported, on December 12, 2023, that defendant's mother believed, as of that time, that defendant's brother would be able to answer questions in one month—i.e., by January 12, 2023. (See id.) Defense counsel indicated his agreement that the government could interview defendant's brother in a face to face interview without any prior submitted questions. (See id.)

At the hearing on December 13, 2023, defendant's brother did not appear. In an attempt to move the case forward, and at the Court's urging, the government applied to issue a subpoena to defendant's brother for a deposition to occur on January 3, 2023. (Docket No. 184.) The government offered to have the FBI record the proceedings by cell phone on a tripod, forgoing the costs of a stenographer and videographer to eliminate the costs to defendant. (Id.) Defense

opposed the application, (1) citing the fact that the trial date was far off, (2) citing the costs, and (3) stating the defense would file its own application. (Docket No. 185.) In an Order dated December 18, 2023, the Court denied the government's application. (Docket No. 186)  The Court noted as follows: "If Defendant indeed believes that [defendant's brother] is a material witness, then he may file a request to take [defendant's brother's] deposition, and if Defendant cannot pay the costs, he may apply for CJA funds to cover these expenses.  Defendant has acknowledged and is on notice that [defendant's brother's] fluctuating condition may make him unavailable for trial, which counsels in favor of 'preserving his testimony for trial' at the earliest opportunity." Id. (citing Fed. R. Crim. P. 15(a)(1)).

Since that time, in an effort to move the case forward, the government has contacted defense counsel about when defense counsel would file his Rule 15 application to depose Brandon Sullenger. Defense counsel initially indicated, on December 22, 2024, he would file his application for a deposition the first week of January 2024. When no application was filed that week, counsel indicated he would file his application on January 16, 2024.  When no application was filed that day, counsel indicated he would file his application on January 17, 2024, and no later than January 18, 2024.  On January 18, 2024, he stated he would file his application on January 19, 2024, and it would seek an order that the expenses would be paid by the government.  When the government tried to clarify whether counsel meant that the expenses would be paid by CJA, as contemplated in the Court's December 18, 2023 Order, the government received no response.

3

1  Counsel then stated, on January 23, 2024, that he would be filing his
2  application for a deposition to occur on February 8, 2024.  The
3  government promptly indicated its availability that date.  As of
4  January 29, 2024, seeing no filing by the defense, the government
5  contacted defense counsel and heard nothing.  The government
6  contacted counsel again on February 5, 2024, who indicated he had
7  unilaterally changed the date from February 8 to February 12, a date
8  the government was not available, and that he intended to object to
9  the deposition being video-recorded at all.  The government indicated
10 it would insist on video-recording, so that the jury, if forced to
11 rely on the deposition, could properly evaluate the credibility of
12 defendant's brother's testimony.  The parties agreed on March 4 as a
13 date for the deposition (to accommodate defense counsel's trial
14 beginning February 21, 2024), and on February 7, 2024, counsel
15 indicated the application would be filed that day.  As of a week
16 later, February 15, 2024, nothing had been filed, though counsel
17 indicated via e-mail he was "fully committed to" the March 4 date,
18 and that he would file his application on February 20, 2024, five
19 days later.  Nothing has been filed as of this application, February
20 22, 2024.
21    The government has also contacted counsel for defendant's
22 brother on both December 22, 2023, and January 19, 2024, indicating
23 the government's availability and willingness to meet with
24 defendant's brother.  The government received no response.  The
25 government again asked counsel for defendant's brother if he would
26 submit to an interview on January 29, 2024, and again on February 2,
27 2024.  In a subsequent phone call, counsel for defendant's brother
28

4

informed the government that defendant's brother would not be meeting with the government at all, but subjecting himself only to a deposition.

Accordingly, the government is concerned about (1) the additional delay in deposing defendant's brother—well beyond what was contemplated as of the granting of the continuance of the December 2023 trial date, (2) properly resolving disputed matters surrounding the deposition, including the covering of costs, whether it will be video-recorded, etc., and (3) setting schedules in a structured fashion.  The government requests that a status conference be held at the Court's convenience.  The government is not available on Friday, February 23, 2024, or the afternoon of Thursday, February 29, 2024, but can make itself available on any other date in the near future.