Mansfield Collins SBN:10409
**LAW OFFICES OF MANSFIELD COLLINS**
100 N. Barranca St., 7th Fl.
West Covina, CA., 91791
213-384-0982
866-333-2045 Fax
Mansfield.collins@mansfieldcollinslaw.com

Attorneys for Defenfdant
Matthew Sullenger

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW SULLENGER,<br><br>Defendant. | No. SA CR 8:18-00010-CJC<br><br>**STATUS REPORT AND APPLICATION TO CONTINUE THE RULE 15 DEPOSITION OF BRANDON SULLENGER** |

Mansfield Collins, counsel for the defendant, Matthew Sullenger, hereby submits this status report and application for a continuance of the Rule 15 deposition of Brandon Sullenger, an essential and material witness, currently scheduled for April 4, 2024, due to his current unavailability due to sudden medical reasons.

**I.      INTRODUCTION**

Brandon Sullenger, a critical witness for the defense, has been temporarily placed in an institutional care facility due to suuden medical reasons, as of approximately March 23 or 24, 2024, for a two to three-week period. Based on conversations with his father, he was taken by ambulance after a police call to a medical hospital, and, subsequently to a specialized care facility and is under-going intensive medical care. He is expected to undergo intensive treatment

for two to three weeks. This is an estimate only and is based on information obtained by his father. His testimony is vital for the defense, as it pertains to the core elements of the case against Matthew Sullenger. Counsel for the defendant informed Assistant United States Attorney (AUSA) Scally of this development on March 27, 2024. In addition, on March 21, 2024, we received an email from the current attorney for Brandon Sullenger that indicated he was no longer serving as his attorney. In conversations with AUSA, Defense will oppose any application for a court appointed attorney for Brandon Sullenger.

## II.     BACKGROUND AND JUSTIFICATION

Brandon Sullenger has been identified as "Beetlos," a pivotal figure whose testimony could potentially lead to the dismissal of the Superseding Indictment against Matthew Sullenger. This identification has been acknowledged by both the defense and, in discussions, has been recognized by AUSA Scally as potentially case-determining.
Given these circumstances, his availability for the deposition is currently impossible, necessitating this request for a continuance.

## III.    LEGAL BASIS

The need for a continuance is supported by case law regarding the unavailability of essential witnesses. As per United States v. Allen, 235 F.3d 482, 490-92 (10th Cir. 2000), and United States v. Meyer, 803 F.2d 246, 247-48 (6th Cir. 1986), delays under the Speedy Trial Act are permissible when an essential witness is unavailable due to significant reasons, such as medical emergencies.

Moreover, 18 U.S.C. § 3161(h)(3)(A), (B) explicitly defines a witness as unavailable when their presence for trial cannot be obtained by due diligence. Brandon Sullenger's current medical condition and institutional care placement squarely fit within this definition, necessitating a delay for his deposition under the Speedy Trial Act's provisions.

Trial courts are accorded broad discretion on matters regarding continuances. See Morris v. Slappy, 461 U.S. 1, 11-12 (1983); Ungar v. Sarafite, 376 U.S. 575, 589 (1964). However, there are cases holding that a trial court's failure to grant a defendant a continuance may violate a defendant's right to due process or other constitutional rights. See, e.g., Schrader v. Whitley, 904

F.2d 282, 288 (5th Cir. 1990) (right to confront witnesses); Armant v. Marquez, 772 F.2d 552, 556-58 (9th Cir. 1985) (Sixth Amendment right to self-representation), Bonin v. Vasquez, 807 F. Supp. 589, 608 (C.D. Cal. 1992) (effective assistance of counsel), aff'd, 59 F.3d 815 (9th Cir. 1995).

In Armant, the Ninth Circuit recited the four factors used to determine whether the trial court abused its discretion in denying a requested continuance: (1) the degree of diligence by the petitioner prior to seeking the continuance; (2) whether the continuance would have served a useful purpose; (3) whether the continuance would have inconvenienced the court or the prosecution; and (4) the amount of prejudice suffered by the petitioner. Armant, 772 F.2d at 556-57; see also Gallego v. McDaniel, 124 F.3d 1065, 1072 (9th Cir. 1997).

Given the essential nature of Brandon Sullenger's testimony and his sudden current unavailability due to medical reasons, the defense respectfully requests a continuance of the Rule 15 deposition to a date post his expected availability, ensuring his vital testimony can be secured for the defense of Matthew Sullenger.

## IV.  CONCLUSION

The defense urges the Court to grant this continuance, balancing the Speedy Trial Act's objectives with the necessity of ensuring a fair trial for Matthew Sullenger, which fundamentally relies on the availability and testimony of Brandon Sullenger.

Dated: March 28, 2024                    Respectfully submitted,

                                         /s/ Mansfield Collins
                                         _____
                                         Mansfield Collins
                                         Attorney for Defendant Matthew Sullenger

**CERTIFICATE OF SERVICE**

I, Mansfield Collins, hereby certify that on March 28, 2024, I caused the foregoing **STATUS REPORT AND APPLICATION TO CONTINUE THE RULE 15 DEPOSITION OF BRANDON SULLENGER** to be served on the parties in this case as follows:

Via Electronic Mail: Greg Scally, Assistant United States Attorney for the Central District of California Email: gregory.scally@usdoj.gov